IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, CASCADIA WILDLANDS; OREGON WILD; and AUDUBON SOCIETY OF PORTLAND,<br><br>                Plaintiffs,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE; MARTHA WILLIAMS, in her official capacity as acting Director of the U.S. Fish and Wildlife Service; and SECRETARY, U.S. DEPARTMENT OF THE INTERIOR,<br><br>                Defendants. | No. 3:21-cv-00455-HZ<br><br>OPINION & ORDER |

Ryan Adair Shannon
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211

      Attorney for Plaintiff

1 – OPINION & ORDER

Kirk B. Maag
Crystal S. Chase
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

      Attorneys for Proposed Intervenors

HERNÁNDEZ, District Judge:

      The Center for Biological Diversity and other conservation organizations bring this action against the United States Fish and Wildlife Service ("USFWS") and the United States Department of Interior. Plaintiffs allege USFWS failed to comply with the Endangered Species Act ("ESA"), 16 U.S.C. § 1533, and was "arbitrary and capricious" in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) in finding the north Oregon coast red tree vole does not warrant protection as an endangered or threatened species. The Oregon Forest & Industries Council and the American Forest Service Council ("Councils") seek to intervene as Defendants. Before the Court is Councils' Motion to Intervene [22], which Plaintiffs oppose.[1] For the reasons discussed below, the Court denies Councils' Motion.

## BACKGROUND

      In 2011, USFWS determined that the north Oregon coast population of the red tree vole ("tree vole") should be listed as an endangered or threatened distinct population segment ("DPS"). Compl. ¶ 57, ECF 1. USFWS determined that, although listing was warranted, higher priority listing actions precluded listing the tree vole at that time. *Id.* at ¶ 58. The tree vole was designated a "candidate" species for a future proposed listing rule. *Id.*

      In December 2019, USFWS determined that it was no longer warranted to list the tree vole as threatened or endangered. *Id.* at ¶ 86. Plaintiffs allege that in reversing its "warranted, but

---

[1] Defendants take no position on this motion.

2 – OPINION & ORDER

precluded" finding, USFWS violated the ESA by not following the best available science and was arbitrary and capricious in violation of the APA. *Id.* at ¶ 111. Plaintiffs seek an order vacating USFWS's finding and remanding the matter for a new determination. *Id.* at ¶ 6.

The Oregon Forest & Industries Council ("OFIC") represents more than 50 forest landowners and forest products manufacturers in Oregon. Councils' Mot. 3, ECF 15. Many OFIC members rely in part on timber produced in the north Oregon coast area to supply their operations. *Id.* The American Forest Resources Council ("AFRC") is a regional trade association who represents over 50 forest product business and forest landowners. *Id.* AFRC advocates for its members' interests in preserving "an adequate and reliable supply of timber for their mill facilities," including timber from forest lands in the north Oregon coast. *Id.*

Councils seek to intervene as a matter of right, or in the alternative, by permission of the Court. *Id.* at 4. Councils assert that this action "could have negative impacts on the availability of timber from the north Oregon coast area; the forest management practices available to the Councils' members on these timber lands; and the cost, manner, and duration of timber harvesting in these areas." *Id.*

## STANDARDS

Federal Rules of Civil Procedure 24 sets forth the requirements for a non-party to intervene in a pending federal action. If permitted to intervene, the intervenor gains full party status and has equal standing with the original parties. *See generally* 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1920 (3d ed. 1998). An intervenor has the right to engage in discovery, to participate at trial, and to appeal the judgment. *See id.* In determining whether intervention is appropriate, federal courts are guided by practical and equitable considerations. *Donnelly v. Glickman*, 159 F.3d 405, 409

(9th Cir. 1998). The applicant has the burden of showing that Rule 24's requirements are met. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Courts generally interpret the requirements broadly in favor of intervention. *Id.*

## DISCUSSION

**I.     Intervention as of Right**

Councils assert that they have a right to intervene as defendants in this proceeding. Applicants seeking to intervene as of right must show that (1) the motion to intervene is timely; (2) the applicant asserts a "significant protectable interest" relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Donnelly*, 159 F.3d at 409; Fed. R. Civ. P. 24(a)(2).

A motion to intervene is timely if made in the early stages of the proceeding, such that it would not cause disruption or prejudice existing parties. *Citizens for Balanced Use*, 647 F.3d at 897. Plaintiffs concede that Councils' motion is timely.

**A.  Significantly Protectable Interest**

Proposed intervenors have a "significantly protectable interest" in a pending action when "there is a relationship between a legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). Resolution of the plaintiff's claims must actually affect the proposed intervenor. *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). When a plaintiff seeks injunctive relief, the relief sought must "have direct, immediate, and harmful effects upon [the proposed intervenor's] legally protectable interest." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quoting *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995)).

Councils assert that their goal of preserving existing allowable uses of their members' property is a significantly protectable interest. Councils note that tree vole habitat includes private lands owned by their members as well as federal forest land from which their members regularly purchase timber. Barnes Decl. ¶ 5, ECF 16; Geissler Decl. ¶ 10, ECF 17. Councils contend that their members "depend on a robust and predictable supply of timber from those lands." Geissler Decl. ¶ 10; Barnes Decl. ¶ 4.

Although Councils adequately state their interest in the tree vole's habitat, they fail to allege a significantly protectable interest related to this case. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (stating that to trigger a right to intervene, the "interest must be related to the underlying subject matter of the litigation"). The issue in this case is whether USFWS relied on the best available scientific data and made a reasoned decision in departing from its prior determination that the tree vole warranted listing as an endangered or threatened species. The relief Plaintiffs seek is to set aside USFWS's "not-warranted" finding and remand for further analysis.

Councils argue that one *possible* outcome of this litigation would be a "warranted" listing of the tree vole, which "would trigger regulatory restrictions that would limit the use of activities on private, state, and federal forest lands." Councils' Mot. 8. But a favorable outcome for Plaintiffs would not directly change the tree vole's status. It would not compel USFWS to list the tree vole as endangered or even reinstate its "candidate species" designation—rather, it would require USFWS to revisit its 2019 decision. Thus, the result of this litigation would not have a direct, immediate, or harmful effect on Councils or their members. *See Ctr. for Bio. Diversity v. Lubchenco*, No. 09-04087 EDL, 2010 WL 1038398, at * 2 (N.D. Cal. March 19, 2010) (holding that because a favorable outcome for the plaintiffs would not compel defendants to list the ribbon

5 – OPINION & ORDER

seal as endangered, intervenors who opposed listing did not have a significantly protectable interest). Even if Plaintiffs receive the relief they request, the tree vole would not be listed as threatened or endangered unless USFWS reviews the listing petition again and makes a different finding. Thus, because any potential future regulatory restrictions that could affect Councils' property interests would not result directly from the outcome of this litigation, Councils do not have a significantly protectable interest. *See id.*, at *6 ("Intervention as of right should be denied where the outcome would have no immediate or any foreseeable, demonstrable effect upon the proposed intervenors.") (internal quotation marks and citation omitted).

Councils also assert "organizational interests in the proper administration of the ESA, including proper adherence to listing procedures." Councils' Mot. 8. But Councils' interests are not relevant to the USFWS's reasons for making its listing decision for the tree vole. Any supplemental arguments or information Councils may provide would be outside the scope of what USFWS relied upon in making its listing decision. Because Councils "merely seek to interject their interests and concerns, outside of the administrative record, in defense of the USFWS's decision, they do not have legally protectable interests at this stage of the litigation." *Friends of the Wild Swan, Inc. v. U.S. Fish & Wildlife Serv.*, 896 F. Supp. 1025, 1027 (D. Or. 1995). Notwithstanding their interest in the forest lands of north Oregon coast, Councils do not have a significantly protectable interest in this case.

### B.  Impairment of Interests

Assuming in the alternative that Councils had a significant protectable interest, the Court must then ask whether an unfavorable outcome for Defendants would impair or impede that interest. "Intervention is proper only if the disposition of the action would, as a practical matter, impair or impede [the applicant's] ability to protect that interest." *Lubchenco*, 2010 WL

1038398, at *6. In claiming that their interests would be impaired, Councils rely on the Ninth Circuit's holdings in *Sierra Club* and *Berg*. In *Sierra Club*, the court held that the city of Phoenix could intervene as of right because the plaintiffs' requested relief would require the EPA to change the terms of permits it issues to the city. 995 F.2d at 1483. In *Berg*, a construction company and building trade associations sought to intervene in a suit claiming USFWS and the City of San Diego failed to sufficiently protect several endangered species. 268 F.3d at 815-16. The court permitted intervention because a holding in favor of the plaintiffs would invalidate the proposed intervenors' projects that the city had already approved. *Id.* at 820. But those cases are distinguishable. Councils cannot assert that their interests would be so directly impaired by the present litigation. A favorable outcome for Plaintiffs would not require USFWS to take any action that would directly affect Councils' existing plans or contract.

Instead, *Lubchenco* is directly on point. In that case, environmental groups challenged an agency decision to not list the ribbon seal as threatened or endangered, and the state of Alaska sought to intervene as a defendant. *Lubchenco*, 2010 WL 1038398, at *1. The district court held that even if plaintiffs were successful, the outcome would not result in "listing of the ribbon seal, but rather a new administrative process regarding Plaintiff's petition for listing." *Id.* at *6. Thus, the court held, Alaska's interest in protecting its sovereignty and its citizens' welfare would not be impaired by the suit. *Id.* Even with an unfavorable outcome for defendants, "Alaska [would] have the opportunity to protect its interests through the ESA listing process." *Id.*

Similarly, if Plaintiffs prevail here, USFWS's finding that the tree vole does not warrant listing will be set aside. Then, only if and when it makes a new finding that the tree vole warrants listing, the agency will issue a proposed rule. Councils would have the opportunity to protect their interests at that point by participating in the administrative process before the proposed rule

7 – OPINION & ORDER

is adopted. *See Friends of the Wild Swan*, 896 F. Supp. at 1028 (noting that proposed intervenors may protect their interest in not listing the bull trout by "comment[ing] on the proposed decision to list, pursuant to 16 U.S.C. § 1533, and then challeng[ing] the decision in federal court under § 1536(n) by arguing that it was arbitrary and capricious."); *San Francisco Baykeeper v. United States Fish and Wildlife Serv.*, No. 21-cv-02566-JCS, 2021 WL 3426961, at *7 (N.D. Cal. Aug. 5, 2021) (denying a right to intervene because even if "[USFWS] were ordered . . . to issue a proposed rule to list the Longfin Smelt DPS as threatened or endangered, [applicant] would still have the opportunity to protect its rights pursuant to the ESA's notice-and-review process as well as federal rulemaking procedure.").

Councils also claim that Plaintiffs' requested relief "would negatively impact the Councils and their members by leaving members' existing contracts in a state of uncertainty." Councils' Mot. 10. But Councils make no specific allegations to support this conclusory statement. Importantly, Councils make no assertions as to how their members' contracts were placed in a state of uncertainty when the tree vole was designated as a candidate species from 2011 to 2019. Nor do Councils specify any new contracts entered or plans made by themselves or their members in reliance on USFWS's withdrawal of the tree vole's candidate species status in 2019. Thus, any practical impairment of Councils' substantial interest is speculative.

### C. Adequate Representation

Councils argue that existing Defendants will not adequately represent their interests. Courts consider three factors in determining whether an applicant's interest is adequately represented: (1) whether the interest of a present party is such that it will undoubtedly make all of the applicant's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the proposed intervenor would offer any necessary elements to the

proceeding that other parties would neglect. *Arakaki* 324 F.3d at 1086. Applicants bear the burden of showing that the existing parties may not adequately represent their interests. *Berg*, 268 F.3d at 822. But applicants need only make a minimal showing that representation "may be" inadequate. *Id.* at 823. When an applicant has the same ultimate objective as an existing party, "a presumption of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086.

Here, Councils have the same ultimate objective in this litigation as Defendants—preserving USFWS's current listing decision for the tree vole. So, there is a presumption of adequate representation, which Councils must make a compelling showing to rebut. Councils assert that their interests are narrower than Defendants because the agency must "balance many public obligations in its administration of the ESA." Councils' Mot. 12. However, Defendants share the same posture as Councils in this litigation. Councils fail to make a compelling case that Defendants will not make any of Councils' arguments that are relevant to this litigation. Because the issue is whether USFWS properly considered all the information available to it at the time of its decision to withdraw the tree vole's "candidate" status, any additional arguments Councils may offer would be outside the scope of this litigation. Thus, Councils have not made the necessary showing to intervene as of right.

## II. Permissive Intervention

Permissive intervention is appropriate when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Whether to allow permissive intervention is a matter within the trial court's broad discretion. *Cnty. of Orange v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). In exercising its discretion, the court considers whether intervention will unduly delay the main action or will unfairly prejudice the existing parties. *Id.*; Fed. R. Civ. P. 24(b)(3).

"In determining whether common questions of law or fact exist, a court will look to whether the intervenor would contribute to a full development of the underlying issues in the suit." *Or. Env. Council v. Or. Dept. of Env't. Quality*, 775 F. Supp. 353, 359 (D. Or. 1991). Applicants should "contribute some element necessary to the adjudication of [the] case that would otherwise be omitted." See *Ctr. for Biological Diversity v. EPA*, No. C13-1866JLR, 2014 WL 636829, at *9 (W.D. Wash. Feb. 18, 2014).

While Councils effectively assert an interest in some of the land that contains tree vole habitat, they provide no compelling argument that their presence in this case would contribute to the resolution of the essential issue, which is whether USFWS was arbitrary and capricious in its decision regarding the tree vole. *See id.* (denying permissive intervention because the EPA, as defendant, was in a better position to raise arguments about its own compliance). More likely, Councils additional arguments as to their interests in the tree vole's habitat will only complicate the issue.

In *Friends of the Wild Swan*, this Court determined whether landowners, timber companies, and sportfisherman could intervene as defendants in a challenge to USFWS's decision to not list the bull trout as an endangered species under the ESA. 896 F. Supp at 1026. In denying permissive intervention, the Court concluded that "allowing the Intervenors to interject their concerns as full parties in this case would merely confuse the relevant issues." *Id*; *see also Lubchenco*, 2010 WL 1038398, at *10 (denying permissive intervention in the merits phase because it would not facilitate resolution of the merits of the sole issue: whether Defendants have complied with their exclusive obligations under ESA). Here, the Court concludes the same and declines to grant permissive intervention.

10 – OPINION & ORDER

## CONCLUSION

The Court DENIES Oregon Forest & Industries Council and American Forest Resource Council's Motion to Intervene [22]. However, Councils are granted permission to appear as amici curiae.

IT IS SO ORDERED.

DATED: November 16, 2021.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER